UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| NICOLE TATIANA DURAN GARCIA, Petitioner, v. WARDEN of Adelanto ICE Processing Center, et al., Respondents. | No. 5:26-cv-05754-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**INTRODUCTION**

On September 25, 2026, Nicole Tatiana Duran Garcia ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus alleging her re-detention by immigration authorities violated her due process rights, seeking "immediate release." Dkt. 1 ("Petition" or "Pet."). On October 7, 2026, Respondents filed an Answer to the Petition, with exhibits. Dkt. 11 ("Ans."); Dkt. 11-1 to 11-4. On October 19, 2026, Petitioner filed a Reply with supporting documents. Dkt. 12, 12-1 to 12-4.

For the reasons discussed below, the Petition is denied.

## II.
## BACKGROUND

Petitioner is a national and citizen of Colombia. Dkt. 11-2 ("Form I-213") at 1. She was first encountered by immigration officials in the United States on January 26, 2024, in Tecate, California, and was detained. Id. at 3. She was released the next day on an Order of Release and Recognizance ("ORR") and issued a Notice to Appear. Id. Her application for Employment Authorization was approved on July 15, 2025, lasting until July 6, 2030. Id.

Officers from U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on August 18, 2026; Petitioner avers that such arrest violated her procedural and substantive rights under the Fifth Amendment, as well as the Administrative Procedures Act. Pet. at 2, 6 (CM/ECF pagination). Petitioner's arrest by ICE took place the day after she was arrested by the Los Angeles County Sheriff Department ("LASD") for "organized retail theft," a case that remains pending. Form I-213 at 3. Her arrest took place shortly after she departed an LASD Sheriff's Station following her release on the organized retail theft charge, after Petitioner initially fled on foot into an apartment complex stairwell. Id. at 2. ICE had issued a Custody Re-determination/ Motion to Recalendar as to Petitioner on August 16, 2026, and served Petitioner with a Notice of Custody Determination. Id. at 3-4. Respondents assert Petitioner was advised that there was a warrant for her arrest and have filed a copy of the warrant, reflecting service on August 16, 2026. Dkt. 11-3. Petitioner contends "ICE had no valid reason to revoke my parole and re-detain[ ] me" and provided no "reason for why [she] was being re-arrested" and no chance "to contest my arrest." Pet. at 6 (CM/ECF pagination). In her Reply, Petitioner challenges certain aspects of the description of her arrest by ICE as related in the Form I-213, including injuries she suffered, but does not challenge the facts set forth above.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove [her] custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (as amended). Petitioner has failed to carry her burden to prove that her current custody violates her federal rights such that she is entitled to habeas relief.

As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether [she] is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026).

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights

extend to noncitizens present in the United States. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). In assessing claims asserting due process violations, courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

As to the first Mathews factor, the Court finds that Petitioner had a cognizable liberty interest under her ORR at the time of her re-detention, as she departed the LASD following her release on state charges. However, the ORR required her to comply with certain conditions, including that she "not violate any local, State, or Federal laws." Dkt. 11-1.

As to the second Mathews factor, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," Petitioner does not dispute that ICE had a warrant for her arrest, had obtained a Custody Re-determination/Motion to Recalendar, and served her with a Notice of Custody Determination upon her arrest. Nor does Petitioner contest that she had been arrested by LASD the day before her arrest by ICE for organized retail theft, a potential violation of and change in circumstances under her ORR. Further, although Petitioner claims she had no right to "appeal" her detention, the Notice of Custody Determination provided her an option to check a box stating "I do request an immigration judge review this custody determination," but she did not check that box; rather, as reflected on the form, she "decline[d]

to sign" on August 16, 2026. Dkt. 11-3. In addition, despite not requesting such a hearing at the time, as Respondents note, she still "may request a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a)." Ans. at 3. At such hearing, she could be represented by counsel, present evidence and argument against her detention, and could thereafter appeal the outcome of an adverse bond decision to the Board of Immigration Appeals. Taken together, such procedures minimize the risk of an erroneous deprivation of liberty.

Lastly, as to the third factor, generally, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)). While the government's interest in detaining Petitioner without a bond hearing may be low (see Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)), here, Petitioner was provided an option to request such a hearing, yet declined to do so, and still retains the right to request a bond hearing.

The undersigned finds that the process afforded Petitioner was and is sufficient to protect her liberty interest such that immediate release is not warranted. See Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Accordingly, Petitioner has not shown that the Due Process Clause compels her immediate release here. Nor has Petitioner shown or even alleged

any factual basis upon which Respondents violated the Administrative Procedures Act. The only relief Petitioner seeks herein is "immediate release." Such request is denied. However, nothing herein prevents Petitioner from requesting a bond hearing before an immigration judge.

## IV.

## ORDER

For the foregoing reasons, it is hereby ordered that Judgment be entered denying the Petition with prejudice, though nothing herein prevents Petitioner from requesting a bond hearing before an immigration judge.

Dated: October 19, 2026____

JOHN D. EARLY
United States Magistrate Judge